3

1  J. RUSSELL CUNNINGHAM, State Bar #130578
   J. LUKE HENDRIX, State Bar #271424
2  GABRIEL P. HERRERA, State Bar #287093
   DESMOND, NOLAN, LIVAICH & CUNNINGHAM
3  1830 15th Street
   Sacramento, California 95811
4  Telephone: (916) 443-2051
   Facsimile: (916) 443-2651
5
   Attorneys for J. Michael Hopper
6  Chapter 7 Trustee

7                    UNITED STATES BANKRUPTCY COURT

8                     EASTERN DISTRICT OF CALIFORNIA

9                          SACRAMENTO DIVISION

10

11 In re:                                  Case No. 11-49912-A-7
                                            Chapter 7
12 GINA FLAHARTY,                          DNL-7

13                                          Date:  May 20, 2013
           Debtor.                          Time:  10:00 a.m.
14                                          Place: Dept. A, Courtroom 28
                                                   501 I Street, 7th Floor
15                                                 Sacramento, CA 95814

16

17                          **MOTION FOR TURNOVER**

18         J. MICHAEL HOPPER ("Trustee"), in his capacity as Chapter 7 trustee of the bankruptcy

19 estate of GINA FLAHARTY ("Debtor"), hereby moves for an order compelling the Debtor to

20 turnover the corporation commonly known as TRAVEL MED INC. ("Travel Med"), including

21 compelling the Debtor to resume her duties on the Board of Directors and executing the necessary

22 documents to eliminate the restriction placed on Travel Med's ownership and management. In

23 support thereof, it is represented that:

24                    **JURISDICTION AND FACTUAL BACKGROUND**

25         1.      Jurisdiction for this motion exists pursuant to 11 U.S.C. Section 1334; 11 U.S.C.

26 Section 157(b)(2)(E); and 11 U.S.C. Section 542(a). Venue is proper pursuant to 28 U.S.C. Section

27 1409(a).

28         2.      On December 30, 2011, the Debtor commenced the above-captioned bankruptcy case

                                          1

1  by the filing of a voluntary Chapter 7 petition. Trustee is the duly appointed trustee of the
2  bankruptcy estate.

3      3.    Among the assets of the bankruptcy estate is 100% ownership of the stock in Travel
4  Med. Travel Med has shut its doors and no longer operates its business.

5      4.    As a result of a judgment in the amount of $635,593.70 entered for Passport Health,
6  Inc. ("Passport") and against Travel Med and the Debtor, Trustee and Travel Med have jointly
7  employed special counsel to prosecute the malpractice claims asserted in *J. Michael Hopper, in His*
8  *Capacity as Trustee for the Estate of Gina Flaharty v. Pearson & Pearson, et al.* ("Flaharty v.
9  Pearson"), in Sacramento Superior Court Case No. 34-2012-00135715 and *Travel Med., Inc. v.*
10 *Pearson & Pearson, et al.* ("Travel Med. v. Pearson"), in Sacramento Superior Court Case No. 34-
11 2012-00131241 (Flaharty v. Pearson and Travel Med. v. Pearson collectively "State Court Cases").
12 The damages alleged are in excess of $400,000.

13     5.    Passport asserts involuntary liens against the property of Travel Med, including the
14 claims asserted in the State Court Cases, cash, and business assets arising under California's
15 enforcement of judgment laws.

16     6.    In conjunction with this Motion, Trustee has filed DNL-5, a motion to approve a
17 compromise between Trustee, Travel Med, and Passport that provides the bankruptcy estate the sole
18 benefit of the recovery on account of Travel Med and Trustee's claims ("Compromise"). Despite
19 Trustee's request, the Debtor declined to sign the Compromise on behalf of Travel Med.

20     7.    Travel Med is a professional nursing corporation. As such, only licensed
21 professionals in the profession for which the corporation engages, as stated in the corporation's
22 articles of incorporation, may maintain control over the corporation. *See* California Corp. Code, §
23 13400 et seq. Unlicensed professionals or those not licensed to render services for which the
24 corporation engages cannot have the authority to control that corporation. *Id*. Thus, Trustee, being
25 unlicensed in the nursing profession, does not have the authority to operate Travel Med.

26     8.    On April 8, 2013, a letter was sent to the Debtor's attorney of record, Estela Pino,
27 requesting the Debtor execute documents which would eliminate Travel Med's ownership and
28 management restriction.

1    9.    On April 15, 2013, the Debtor resigned from her positions as Travel Med's President, Treasurer, Secretary and Director, leaving Travel Med without management to conclude its affairs.

### BASIS FOR RELIEF

Pursuant to 11 U.S.C. Section 542(a), an entity, other than a custodian, in possession, custody, or control of property that the trustee may use, sell, or lease under 11 U.S.C. Section 363, "shall deliver to the trustee, and account for, such property the value of such property, unless such property is of inconsequential value or benefit to the estate." The Debtor's interest in Travel Med is property of the Debtor's bankruptcy estate that Trustee may use or sell for the benefit of estate creditors. *See* 11 U.S.C. § 541(a)(1); 11 U.S.C. § 363. Aside from the value of the claims asserted in the State Court Cases, turning over Travel Med would allow Trustee to execute the Compromise on behalf of the corporation. The Compromise substantially benefits the estate in that it provides for Passport's asserted involuntary liens against the property of Travel Med to be subordinated to the rights of Trustee. Moreover, the Compromise provides for the recovery, if any, on account of the malpractice claims to be administered solely for the benefit of the bankruptcy estate. In addition, as a result of the Debtor's resignation from management of Travel Med, absent turnover the estate may have to fund the cost and expense of winding down the corporation. Thus, since the Debtor's interest in Travel Med is of value and benefit to the estate, the Debtor is obligated to turnover Travel Med to Trustee.

**WHEREFORE**, Trustee prays that the motion be granted and for such other and further relief as is necessary and proper.

Dated: April 19, 2013        DESMOND, NOLAN, LIVAICH & CUNNINGHAM

By: _____

J. RUSSELL CUNNINGHAM
Attorneys for J. Michael Hopper,
Chapter 7 Trustee

3